# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DAVIN CLEMENT, Individually and
on behalf of all others similarly situated,

     Plaintiff,

                              Case No:

  v.

PANDADOC INC.

     Defendant.
_____.

## FLSA SECTION 216B COLLECTIVE ACTION COMPLAINT

Plaintiff DAVIN CLEMENT, individually, and on behalf of all others similarly situated who consent to their inclusion in a collective action, sue Defendant, PANDADOC INC. (hereinafter collectively referred to as "PANDADOC") for violations of 29 U.S.C. 201 et seq. of the Fair Labor Standards Act (the "FLSA"), and states as follows:

## INTRODUCTION

1.     Defendant has willfully FAILED to pay overtime wages to all Inside Sales Representatives (ISR) working under various job titles, some self-created, others created by the company such as: Sales Development Representative (SDR), Account Executive, Sales Partner In Integration, Account Manager, Strategic Account Executive, Enterprise Account Manager, and other interchangeable or

related job titles, all of which are now or were at one time, used to identify employees working as non-exempt, Inside Sales Representatives.  All members of the putative class were classified salaried exempt status until February 2023, when Defendant announced that SDR and Sales Partner In Integration, perhaps other ISR were reclassified to salaried, non-exempt employees.

2.     Defendants operate its U.S. business from just 2 offices:   1) San Francisco, Ca. and 2) St. Petersburg, Florida, with ISR working remotely and reporting to 1 or the other offices and from where it employed similarly situated ISR, all working on similar compensation plans, performing similar if not identical job responsibilities, and all suffering from the same, common unlawful pay practices pursuant to a de facto policy and scheme to avoid overtime wages and save millions of dollars in labor costs.

3.     Upon information and belief, Defendants have since employed other ISR working remotely in other geographic regions or from other offices.

4.     Defendant ran operations from San Francisco but in 2022 announced that its principal place of business was moving or had moved or relocated to St. Petersburg, Florida.

5.     Defendant has created and maintained a scheme to avoid paying overtime wages to all its ISR nationally, and thus keeping for itself, millions of

dollars of wages owed to 1000 or more employees by misrepresenting to its employees that they were non-exempt under the FLSA.

6.      Plaintiff herein commences this legal action against Defendant for willful violations of the federal wage and hour overtime pay laws and related regulations on behalf of all similarly situated current and former ISR of Defendant who worked anytime in the preceding three (3) years to the present.

7.      Plaintiff and the class of similarly situated employees were unlawfully not compensated a premium for all hours worked over forty (40) in each and every workweek by a scheme and plan of Defendant to evade the overtime wage laws and save many millions of dollars in labor costs to the detriment and harm of Plaintiff and all other Inside Sales Representatives.

8.      Indeed, just examining public records and the hundreds and thousands of published cases and settlements related to inside sales representatives being misclassified under the FLSA as exempt, Defendant knew that it was violating the FLSA by classifying ISR as exempt from overtime pay.

9.      Defendants did not act in compliance with the FLSA until February 2023, when it announced to employees they were being reclassified to non-exempt status and now eligible for overtime.

10.     Up through February 2023, Defendant did not track and record the work hours of its ISR, but effective March 1, 2023 Defendant is transitioning SDR and perhaps other ISR, to a time tracking system.

11.     Defendant absolutely knows that Inside Sales Representatives routinely worked overtime hours, as managers and supervisors witnessed the extra hours, encouraged, and even pressured Inside Sales Representatives to work as many hours as possible to hit quotas and meet goals and performance metrics.

12.     Defendant has willfully failed to pay Plaintiff, and all similarly situated persons in accordance with the Fair Labor Standards Act (FLSA).   Specifically, Plaintiff, and similarly situated employees were not paid premiums for all hours they worked in excess of forty (40) hours per week.

13.     Plaintiff, and the class of similarly situated employees, did not and currently do not perform work that meets the definition of any exemption under the FLSA, and the Defendant's pay practices were not only clearly unlawful, but UNFAIR as well.

14.     The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion.   Plaintiff reserves all rights to plead in the alternative.

## JURISDICTION AND VENUE

15.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because this action involves a federal question under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

16.    This Court is empowered to issue a declaratory judgment under 28 U.S.C.§§ 2201 and 2202.

17.    This Court has general jurisdiction over Defendant for the claims of all those similarly situated from across the U.S. and for non-resident opt in Plaintiffs because the Defendant's principal offices are here within this district, and those hired reported to or worked at the St. Petersburg, Florida office.

18.    Venue is proper to this Court pursuant to 28 U.S.C. Sec. 1391(b) because the damages occurred within this district.

19.    Defendant's principal place of business is located within this district in St. Petersburg, Florida, called its East Coast Headquarters as of 2017, and is subject to this Court's jurisdiction.

## **THE PARTIES**

20.    Plaintiff Davin Clement is a citizen of Florida.  He has worked for Defendants as a Sales Development Representative (BDR) (later called a Sales Partner In Integration) from March 2021 until the present, working remotely from his home and reporting to the St. Petersburg, Florida office.

21.     Plaintiff's primary job duty as a SDR was to develop qualified "warm" leads for other people in the company to attempt to attempt to sell PandaDoc SAAS products and services to, including the award-winning PandaDoc document automation platform, usually by Account Executives.

22.     Plaintiff was provided leads and made outbound and inbound calls and sent out emails to solicit businesses to attend demonstration appointments of the PandaDoc platform and its products and services with "Account Executives", who were the sales closers or persons who would attempt to get the prospective customer to sign a contract and place an order.

23.     The primary duty and function of the Account Executives is to attend appointments for demonstrations with potential business customers and attempt to close or make the sale of the Defendant's products and services, (SAAS).

24.     The primary duty of Account Managers is to upsell and continue to sell Defendant's products and services to existing clients.

25.     All ISR also did not have the discretion and judgment to unilaterally make pricing decisions, nor did they create their own marketing plans for the Defendant's products and services.

26.     All ISR over the relevant FLSA 3-year statute of limitations period preceding the filing of this complaint were classified as exempt employees under the

FLSA and not paid a premium for overtime hours, and who did not report or clock in and out their work hours.

27.    At all times material, Plaintiff and those similarly situated were employees of Defendants during the term of his employment as contemplated by 29 U.S.C. § 203.

28.    Plaintiff was paid a base salary and eligible for and did receive non-discretionary sales commissions or bonus as did all other ISR.

## DEFENDANT PANDADOC INC.

29.    Defendant, PANDADOC INC. is a Foreign Limited Liability Corporation, with a principal place of business located at 150 2nd Ave N Ste 550, St. Petersburg, FL 33701.   Defendant may be served through its Registered Agent for service of process, TELOS LEGAL CORP.155 OFFICE PLAZA DRIVE TALLAHASSEE, FL 32301.

30.    As stated by Defendants on their website, PandaDoc is a company which offers: "Guiding a connected world on the go by automating, optimizing and revolutionizing the way people, vehicles and things move through the world".

31.    Defendant has 2 principal offices or corporate offices, including San Francisco and St. Petersburg, Florida from which, now and throughout the past 3 years, employed similarly situated ISR working in the offices and working remotely from their homes in other geographic regions.

32.     Defendant is an "Employer" within the definition of the FLSA Section 203 and has revenues exceeding $500,000 annually in all applicable time periods and is involved in interstate commerce and has employed 500 or more employees at any given time during the preceding 3 years to the present day.

33.     The overtime wage provisions set forth in FLSA §207 apply to Defendant, as it engages in interstate commerce.   Indeed, at all relevant times, Defendant engaged in interstate commerce and/or in the production of goods for commerce within the meaning of FLSA Sec. 203.

34.     Thus, Defendant had a duty to have investigated, studied, audited, and assessed its pay practices and its federal and state law duties and obligations and determine if it was in compliance; and the failure to have done so subjects it to payment of liquidated damages, a three (3) year statute of limitations for FLSA violations.

## FACTUAL AND COLLECTIVE ACTION ALLEGATIONS

35.     This collective action arises from a longstanding and continuing wrongful scheme by Defendant to willfully refuse to pay overtime wages to a large class of employees, persons working as Inside Sales Representatives (ISR) under various job titles described herein, who Defendant knows or should have known, were misclassified and should have been paid overtime premiums throughout the preceding 3 years.

36.     Plaintiff brings this suit individually, and on behalf of all similarly situated persons composed of the following FLSA CLASS members:

**THE FLSA CLASS:**

> **All employees working as Inside Sales Representatives under the titles of: Account Executive, Account Manager, Sales Development Representative, Closer, Sales Partner in Transition, Sales Partner, Account Manager or any other job titles used to describe persons working as inside sales positions who are currently employed by or were previously employed anywhere in the U.S. with PandaDoc Inc. within the past three years preceding the filing of this lawsuit to the present.**

37.     Plaintiff is able to protect and represent the Collective or putative Class, is willing, able, and consents to doing so.

38.     Plaintiff has routinely worked more than forty (40) hours in workweeks throughout the term of his employment with Defendant and without being paid a premium for all these overtime hours.

39.     Upon information and belief, at any given time, Defendant employed approximately 95 SDR/Sales Partners in Transition, and 50 or more account executives such that with turnover, the class of ISR including account managers is 1000 or more.

40.     Defendant did not provide a means for ISR to report or clock their work hours nor meal breaks; instead ISR were encouraged to work as many hours as they cared to or found necessary to his sales goals, quotas, and sales metrics.

41.    Plaintiff alleges for himself and on behalf of the putative class who elect to opt-in to this action, that they are entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay as required by the FLSA, plus an equal sum in liquidated damages.

42.    Upon information and belief, the Inside Sales Representatives in the 2 principal offices and those remotely working under the various titles, were all paid under a common pay or compensation plan of a base salary plus some incentive pay in the form of a non-discretionary commission or bonus plan based upon sales.

43.    All SDR, Account Executives, Account Managers and all other Inside Sales Representatives under the various job titles also performed their job duties in a uniform, similar manner; and all are supervised and managed according to the same national standards and uniform policies and procedures set by the Defendant and applicable to all offices and to all ISR working remotely.

44.    All Inside Sales Representatives within this putative class here were treated and classified by Defendant as exempt employees, and whose primary duty is making sales or developing business leads for others to sell.

45.    Inside Sales Representatives were purposefully misled by Defendant to believe they were lawfully classified as exempt from overtime pay but never justified or explained the basis or why they, unlike ISR the Department of Labor and Court decisions classify as non-exempt positions.

46.     The Defendant maintained a companywide policy throughout the relevant three (3) year class period of willfully refusing to pay overtime wages for all overtime hours worked for Inside Sales Representatives despite clear knowledge Inside Sales Representatives have worked and continue to work overtime hours which are unreported.

47.     Upon information and belief, all Inside Sales Representatives are supervised by Directors and other managers, who very closely monitor performance, scrutinize sales representatives and their performance metrics, such as phone calls and production, and report results to the corporate office under a structured, corporate controlled manner and which demonstrate Defendant knew that ISR were routinely working more than 40 hours of work during work weeks.

48.     The actual job duties performed by the proposed putative class of Inside Sales Representatives do not satisfy the elements of any exemptions within FLSA §213, as all perform routine jobs whose primary job duty was production, setting appointments for others to attempt to sell GPS tracking products or other products or services, or actually attending the appointments and making the sales pitches and demonstrations of the products and services.

49.     Plaintiffs, as well as the members of the putative class of similarly situated persons routinely worked through part or all of their lunch breaks, worked prior to or after the set and standardized nine (9) hour daily shift times, and also

performed other work incidental to their job duties by working at home or outside the office making or receiving client phone calls, sending or receiving and reading emails without being paid for all these additional work hours.

50.    Plaintiffs, and all other similarly situated employees are currently or have previously been covered under FLSA §207.

51.    Pursuant to FLSA §207, Defendant, as the employer of Plaintiff and other similarly situated ISR, was and is required to pay premium pay, meaning overtime wages, or hours worked in excess of forty (40) hours per week.

52.    Defendants were fully aware that ISR were working more than 8 hours in a day and more than 40 hours in a week in attempts to meet sales goals, sales metrics and increase their commissions earned and make sales or get leads for others to sell.

53.    The Company announced it was reclassifying SDR to non-exempt status but willfully refused to pay SDR for the overtime hours worked over the preceding 3-year period.

54.    Defendant does not presently and has not throughout the relevant three (3) year class period, properly clocked, tracked or recorded the actual working hours of each Inside Sales Representative working from or reporting to its 2 offices.

55.    In order to meet sales quotas and maximize their commission and bonus, Plaintiffs and other Inside Sales Representatives would routinely work as

many overtime hours as they wanted with the full knowledge, approval and encouragement of sales Managers/Directors and officers of the Defendant.

56.     All Inside Sales Representatives followed corporate policies and procedures applicable to all their offices and to all remotely employed ISR wherever Inside Sales Representatives worked from throughout the U.S.

57.     All Inside Sales Representatives were trained to perform their job duties and expected to perform their job duties in similar manners throughout their multiple offices.

58.     All Inside Sales Representatives attended sales meetings during which the Defendant went over new procedures, policies and sales protocols and was clear to Plaintiff, applied to all Inside Sales Representatives employed by the Defendant.

## COUNT I
## VIOLATIONS OF FLSA §207 AND DECLARATORY ACTION PURSUANT TO 28 U.S.C. SECTIONS 2201 and 2202

59.     Plaintiff alleges and incorporates by reference the foregoing paragraphs of this Complaint and fully restates and realleges all facts and claims herein as if fully stated.

60.     Defendant has willfully and intentionally engaged in a common company pattern and practice of violating the provisions of the FLSA, by failing to pay all Inside Sales Representatives, under the various job titles identified in this complaint, required overtime wages for all hours worked.

61.     Plaintiffs, and all other persons working as inside sales representatives under the titles of SDR, Sales Partners, Sales Partners in Transition, Account Executives, Account Managers, routinely worked more than 40 hours during their workweeks, and without being paid a premium for the overtime hours incurred.

62.     Defendant knew that Plaintiff and ISR routinely worked more than 40 hours, but willfully misclassified them as a group as exempt from overtime pay.

63.     Defendant had a duty and obligation under the FLSA, and as per CFR part 516, to contemporaneously track and record all work hours of hourly non-exempt employees, including BDR, Closers, and ISR under any job titles.

64.     As Defendant failed to institute any actual time tracking system or time clock for employees to log in and out their ACTUAL work times, ISR can meet their burden here by estimating their work hours as per the U.S. Supreme Court decision, _Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946)._

65.     Defendant's conduct and actions classifying all ISR as exempt from overtime pay under the FLSA was a willful violation of Section 207 of the FLSA, and further lacks any good faith basis under the FLSA as ISR are generally considered to be non-exempt by DOL regulations and from court decisions on the FLSA.

66.     Defendant knew that ISR do not meet the definition of any exemption under the FLSA and are part of "production" who cannot be exempt employees under the FLSA.

67.     Upon information and belief, Defendant is reclassifying some or all ISR as non-exempt effective March 2023 because of a prior claim for unpaid overtime wages presented by a present for formerly employed ISR as to which Defendant was recognized meant it was misclassifying ISR as exempt from overtime pay in violation of the FLSA; further, despite likely resolving this prior claim, Defendant is willfully choosing not to pay all other ISR their owed overtime hours worked prior to this transition to non-exempt status.

68.     Defendant has willfully and with reckless disregard for the requirements of the FLSA and its regulations, failed to pay Plaintiff and the Putative Class, comprised of all current and former similarly situated ISR a premium or overtime wages for all work hours over (40) hours in one or more work weeks as mandated by FLSA §207.

69.     Defendant has classified all ISR as exempt from overtime pay without any individualized job analysis such that they are all subjected to the same or a common unlawful pay practice, and that they are all similarly situated for the purposes of pursuing their claims collectively as per Section 2216b of the FLSA.

70.     Defendant does not have a good faith basis for these described unlawful pay practices, such that Plaintiff and each and every member of the putative class is entitled to be paid an equal sum in overtime wages owed at rates of one- and one-half times their respective regular rates of pay as liquidated damages. *See Johnson v. Big Lots Stores, Inc.*, 604 F.Supp.2d 903 at 925 (E.D. La. 2009).

71.     As a result of Defendants' willful violations of the FLSA, Plaintiffs and the putative Class, composed of all other present and former ISR similarly situated, have suffered economic damages by Defendant's failure to pay overtime compensation in accordance with FLSA §207.

72.     Due to Defendant's willful violations of the FLSA, a three-year statute of limitations applies to the FLSA violations pursuant to 29 U.S.C. §255(a).

73.     As per the FLSA, Defendant has the burden to prove Plaintiff and all others similarly situated were not entitled to overtime pay during the preceding 3 years because of some exemption and Clements and all others who elect to opt into this action and assert their rights under the FLSA are not required to prove they are legally entitled to these wages.

74.     Further, because Defendant did not track and record the work hours of the ISR, the burden shifts to Defendant to prove the precise hours worked by the Plaintiffs or the court or jury can award wages based upon the estimates by the Plaintiffs.

75.     As a result of Defendant's unlawful acts and pay practices described herein, Plaintiff and the Putative Class of all other similarly situated ISR have been deprived of overtime compensation in amounts to be determined at trial; and are entitled to recovery of such amounts, liquidated damages in amount equal to the overtime wages due, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §216(b), as well as injunctive relief pursuant to 29 U.S.C. §217.

**COUNT II**
**FAILURE TO MAINTAIN TRUE & ACCURATE RECORDS OF HOURS WORKED IN VIOLATIONS OF THE FLSA**

76.     Plaintiffs adopt and realleges the paragraphs 1 through 58 as if fully set forth herein.

77.     Evidence reflecting the precise number of overtime hours worked by Plaintiff and every member of the Class, as well as the applicable compensation rates, is in the possession of Defendants.

78.      However, and to the extent records are unavailable, Plaintiffs, and members of the Class, may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

79.     All employers subject to the FLSA must maintain and preserve certain records describing the wages, hours and working conditions of their employees.

80.     With respect to an employee subject to the FLSA provisions, the following records must be kept:

a.      Personal information, including employee's name, home address, occupation, sex, and birth date if under nineteen (19) years of age;

b.      Hour and day when work week begins;

c.      Regular hourly pay rate for any week when overtime is worked;

d.      Total hours worked each workday and each workweek;

e.      Total daily or weekly straight-time earnings;

f.      Total overtime pay for the workweek;

g.      Deductions from or additions to wages;

h.      Total wages paid each pay period; and

i.      Date of payment and pay period covered

81.     Failure to comply with the recordkeeping requirements is a violation of the FLSA for which criminal or civil sanctions may be imposed, whether or not other statutory violations exist.  *See,* 29 U.S.C. § 215(a)(5); *See Also, Dunlop v. Gray-Goto, Inc.*, 528 F.2d 792 (10th Cir. 1976).

82.     Accurate records are not only required for regulatory purposes, but they are also critical to an employer's defense of claims that it violated the Act.  An employer that fails to maintain the required records cannot avoid liability in a wage-hour case through the argument that there is insufficient evidence of the claimed

hours worked.  *See, Wirtz v. First State Abstract Ins. Co.,* 362 F.2d 83 (8th Cir. 1966); *Boekemeier v. Fourth Universalist Soc'y,* 86 F. Supp. 2d 280 (S.D.N.Y. 2000).

83.    An employer's failure to maintain records may create a presumption in the aggrieved employee's favor.  *See, Myers v. The Copper Cellar Corp.*, 192 F.3d 546, 551 n.9 (7th Cir. 1999), *citing Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

84.    Defendant has failed to accurately and contemporaneously record, track and report the Plaintiffs and Class of similarly situated members' time and work hours as required under the FLSA, and the related DOL regulations.

85.    Defendant has failed to make, keep and preserve records, with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of 29 CFR 516.2, 29 U.S.C. §§ 211, 216.

**WHEREFORE,** Plaintiff DAVIN CLEMENT, individually, and on behalf of all other similarly situated past and present Inside Sales Representatives (ISR), seek the following relief:

a. Designate Plaintiff Davin Clement as Representatives of the FLSA Collective Class;

b. That the Court find and declare Defendant has willfully violated the overtime compensation provisions of the FLSA;

c. That the Court find and declare Defendant's violations of the FLSA overtime laws were and are willful and lacking a good faith basis for complying with the state and federal overtime laws;

d. That the Court enjoin Defendant, under 29 U.S.C. § 217, from withholding future payments of overtime compensation owed to members of the FLSA Class;

e. That the Court award to Plaintiff Clement and the FLSA Class, comprised of all similarly situated employees, overtime compensation at the lawful and applicable overtime and premium rates of pay, including the value of all compensation earned for bonuses/commission, for previous hours worked in excess of forty (40) for any given week during the past three years AND liquidated damages of an equal amount of the overtime compensation, in addition to penalties and interest on said award pursuant to FLSA §216 and all other related economic losses;

f.   That the Court award Plaintiff Clement and the plaintiffs who opt into this action, recovery of their reasonable attorneys' fees, costs and expenses of litigation pursuant to FLSA § 216;

g.   That the Court finds Defendant has willfully, and with a lack of good faith, violated the overtime provisions of the FLSA, including the time tracking requirements for non-exempt employees;

h.   That the Court apply a three (3) year statute of limitations to the FLSA claims;

i.   That the Court award any other legal and equitable relief as this Court may deem fair, just or appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted February 21, 2023.

*/s/Mitchell L. Feldman*
**Mitchell L. Feldman, Esq**
Florida Bar No.:  0080349
FELDMAN LEGAL GROUP
6916 W. Linebaugh Ave #101
Tampa, Fl 33625
Tele: (813) 639-9366
Fax: (813) 639-9376

mfeldman@flandgatrialattorneys.com
*Attorney for Plaintiff and the class of
similarly situated*